IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| CAROLYN R. BECKHAM | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO.  7-04-CV-191-R |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff  Carolyn R. Beckham seeks judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq*.  For the reasons stated herein, the hearing decision should be reversed.

I.

Plaintiff alleges that she is disabled due to a variety of ailments, including bipolar disorder, asthma, congestive heart failure, chronic obstructive pulmonary disease, degenerative disc disease, and impairments resulting from cervical fusion surgery.  After her application for disability and SSI benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge.  That hearing was held on December 18, 2003.  At the time of the hearing, plaintiff was 46 years old.  She has a  high school education and past work experience as a secretary, receptionist, and pawn broker.  Plaintiff has not engaged in substantial gainful activity since January 7, 2002.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from bipolar disorder, asthma, and congestive heart failure and that such impairments were severe, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a limited range of sedentary work, but could not return to her past employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a sorter, a small products inspector, and a small parts assembler-- jobs that exist in significant numbers in the national economy. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

## II.

In her sole ground for relief, plaintiff challenges the finding that she is capable of working in other jobs despite her lack of transferable skills and her limited ability to perform reaching activities.

### A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "relevant evidence that a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire

record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct.

2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff contends that substantial evidence does not support the finding that she can perform other work in the national economy. In particular, plaintiff claims that she lacks the transferable skills necessary to work as a sorter and cannot meet the exertional requirements of a small parts inspector or a small parts assembler.

1.

At the administrative hearing, Shelly Eike, a vocational expert, was asked whether a hypothetical person of plaintiff's age, education, work experience, and functional limitations could

perform other work that exists in significant numbers in the national economy. Eike responded that this hypothetical person could work as a sorter-- a sedentary, semi-skilled position with an SVP rating of three.[1] (Supp. Tr. at 531). The ALJ relied on that testimony in finding that plaintiff had the residual functional capacity to perform the job duties of sorter and, therefore, was not disabled. (Tr. at 15). However, the judge also found that plaintiff "has not acquired any work skills that are transferrable to other skilled or semi-skilled occupations." (*Id.* at 20). According to plaintiff, these two findings are fatally inconsistent because a person with no transferable skills cannot perform semi-skilled work.

>   SSR 83-10 provides, in pertinent part:
>
>> The exertional requirements of work at a particular functional level are the same regardless of whether the work is skilled, semiskilled, or unskilled. Therefore, RFC alone never establishes the capability for skilled or semiskilled work. *Ability to perform skilled or semiskilled work depends on the presence of acquired skills which may be transferred to such work from past job experience above the unskilled level or the presence of recently completed education which allows for direct entry into skilled or semiskilled work.*

SSR 83-10, 1983 WL 31251 at *3 (1983) (emphasis added). As noted by the ALJ, plaintiff has no transferable skills. Nor is there any evidence that plaintiff recently completed education which allows for direct entry into a skilled or semi-skilled occupation. Without such evidence in the record, there was no basis for the vocational expert to opine or the ALJ to conclude that plaintiff could work in a semi-skilled job such as sorter. *See, e.g. Steward v. Barnhart*, 44 Fed.Appx. 151, 152, 2002 WL 1791513 at *1 (9th Cir. Aug. 5, 2002); *Stathis v. Sullivan*, 964 F.2d 850, 851-52 (8th

---

[1] The *Dictionary of Occupational Titles* ("DOT") lists a specific vocational preparation time, or SVP, for each described occupation. Using the skill level definitions set out in the regulations, unskilled work corresponds to an SVP rating of 1-2, semi-skilled work corresponds to an SVP rating of 3-4, and skilled work corresponds to an SVP rating of 5-9. *See* SSR 00-4p, 2000 WL 1898704 at *3 (2000). Although there may be a reason for classifying the skill level of certain occupations differently than in the DOT, the regulatory definitions of skill levels are controlling. *Id.*

Cir. 1992); *Stoglin v. Apfel*, 130 F.Supp.2d 1060, 1067 (S.D. Iowa 2000); *Heeter v. Sullivan*, No. S87-729, 1990 WL 483669 at *6 (N.D. Ind. Feb. 28, 1990).

In an attempt to circumvent the plain language of SSR 83-10 and salvage the hearing decision, the Commissioner argues that the SVP rating assigned to the sorter position is only a "maximum level" and that the vocational expert was free to base her opinion on other factors, such as her "knowledge in the vocational field." (Def. MSJ Br. at 6-7). This argument fails for two reasons. First, there is absolutely no evidence that Eike considered the job of sorter to be unskilled. To the contrary, she specifically referred to the occupation as "semi-skilled." (Supp. Tr. at 531). Second, even had Eike testified that the job of sorter was an unskilled position that required no transferable skills, such testimony would be inconsistent with the regulatory definitions and could not be considered by the ALJ. *See Steward*, 44 Fed.Appx. at 152-53. In sum, there is no evidence, much less substantial evidence, to support the finding that plaintiff has the residual functional capacity to work as a sorter.

2.

Eike further testified that plaintiff could work as a small parts inspector or a small parts assembler -- unskilled, sedentary jobs with an SVP rating of two -- despite the inability to "push, pull or perform[ ] extended reaching repetitiously with the upper extremities more than occasionally." (Supp. Tr. at 529-31). Plaintiff argues that this testimony conflicts with the description of these jobs found in the *Dictionary of Occupational Titles* ("DOT").

The DOT classifies jobs based on various factors, including the degree of exertion required. Two sedentary, unskilled "inspector" occupations are listed in the DOT. One requires "frequent" reaching. *Dictionary of Occupational Titles* § 669.687-014 (4th ed. 1991). The other requires "constant" reaching. *Id.* § 726.684-050. The DOT also lists seven sedentary, unskilled "assembler"

occupations. Four of those jobs require "frequent" reaching. *Id.* §§ 706.684-030, 713.687-018, 739.684-094, 739.687-066. Three others require "constant" reaching. *Id.* §§ 715.687-114, 739.687-086, 734.687-018. Because all the inspector and assembler jobs require more than "occasional" reaching, plaintiff argues that Eike's testimony conflicts with the DOT classifications. The Commissioner responds that there is no conflict because the hypothetical posed by the ALJ was limited to "extended" reaching, which is not referenced in the DOT.[2]

There is a split of circuit authority as to whether vocational expert testimony can provide substantial evidence to support the Commissioner's decision when it conflicts with the DOT provisions. Some courts permit the ALJ to rely on such testimony even if it conflicts with the DOT. *See Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999), *cert. denied*, 120 S.Ct. 1723 (2000); *Conn v. Secretary of Health and Human Services*, 51 F.3d 607, 610 (6th Cir. 1995); *Sawyer v. Apfel*, No. 98-1520, 1998 WL 830653 at *1 (4th Cir. Dec. 2, 1998). By contrast, the Eighth Circuit has held that the DOT job descriptions are generally more reliable than the conflicting testimony of a vocational expert. *Smith v. Shalala*, 46 F.3d 45, 47 (8th Cir. 1995). Still other courts, including the Fifth Circuit, have adopted a "middle ground" approach which allows the ALJ to rely on vocational expert testimony if the record reflects an adequate basis or a reasonable explanation for deviating from the DOT. *See Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000); *Haddock v. Apfel*, 196 F.3d 1084, 1091-92 (10th Cir. 1999); *Johnson v. Shalala*, 60 F.3d 1428, 1434-35 (9th Cir. 1995); *Tom v. Heckler*, 779 F.2d 1250, 1255-56 (7th Cir. 1985); *Mimms v. Heckler*, 750 F.2d 180, 186 (2d Cir. 1984). In *Carey*, the Fifth Circuit held that:

---

[2] The SSA has defined "reaching" as "extending the hands and arms in any direction." SSR 85-15, 1985 WL 56857 at *7 (1985). Although there is no distinct definition of "extended reaching," the Commissioner suggests that "extended" should be defined as "stretched or pulled out." (*See* Def. MSJ Br. at 8, *citing The American Heritage College Dictionary* 484 (3d ed. 1997)).

> To the extent that there is any implied or indirect conflict between the vocational expert's testimony and the DOT . . ., we agree with the majority of circuits that the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so. . . . Adopting a middle ground approach, in which neither the DOT nor the vocational expert testimony is per se controlling, permits a more straightforward approach to the pertinent issue, which is whether there is substantial evidence supporting the Commissioner's determination that this particular person can do this particular job or group of jobs.

*Carey,* 230 F.3d at 146-47. Although *Carey* did not involve "the type of direct and obvious conflict . . . when the vocational expert's characterization of the exertional or skill level required for a particular job is facially different from the exertional or skill level provided for that job in the DOT," lower courts that have considered such direct conflicts have also adopted this "middle ground" approach. *See Johnson v. Barnhart*, 285 F.Supp.2d 899, 913-14 (S.D. Tex. 2003); *Augustine v. Barnhart*, No. 1-00-CV-749, 2002 WL 31098512 at *9-10 (E.D. Tex. Aug. 27, 2002); *Hollan v. Apfel*, No. 3-00-CV-0002-H, 2001 WL 180151 at *6 (N.D. Tex. Feb. 20, 2001). Thus, at least in this circuit, vocational expert testimony may be accepted over a conflicting DOT provision if "the record reflects an adequate basis for doing so." *Carey*, 230 F.3d at 146.

Here, there is at least an implied or indirect conflict between Eike's testimony that a person limited in the ability to perform "extended" reaching can work as an inspector or an assembler, and the DOT, which classifies such jobs as requiring reaching on a "frequent" or "constant" basis. Yet nothing in the record explains how the jobs of inspector and assembler can be performed with only occasional "extended" reaching. Nor is there anything to suggest that either Eike or the ALJ were even aware of the conflict with the DOT requirements.[3] "When vocational evidence provided by

---

[3] The Commissioner faults plaintiff and her attorney for not asking Eike to clarify the difference between "reaching" and "extended reaching." However, the regulations make clear that the ALJ, not the claimant, has the burden to identify and obtain a reasonable explanation for any conflicts between vocational expert testimony and the DOT. SSR 00-4p; *see also Long v. Barnhart,* No. 03-2570-JWL, 2004 WL 1960104 at *12  (D. Kan. Sept. 3, 2004) (expert's erroneous response to direct question regarding conflicts between testimony and DOT does not relieve ALJ of duty to resolve conflict before relying on testimony).

[an expert] is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the [ ] evidence to support a determination or decision that the individual is or is not disabled." SSR 00-4p, 2000 WL 1898704 at *4 (2000).  If the conflict is resolved in favor of the vocational expert, the ALJ must articulate a "plausible reason" for accepting testimony that conflicts with the DOT so that the hearing decision is susceptible to meaningful judicial review. *Augustine*, 2002 WL 31098512 at *10; *see also* SSR 00-4p (providing examples of reasonable explanations for disregarding DOT).  In this case, the ALJ failed to articulate *any* reason for disregarding the DOT exertional requirements for the inspector and assembler positions.  As a result, the hearing decision is not supported by substantial evidence and should be reversed.

## RECOMMENDATION

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 22, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE